UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

INFINITY CAPITAL, LLC, *et al.*,

   Plaintiffs,

vs.

FRANCIS DAVID CORPORATION,

   Defendant.

-------------------------------------------------------

Case Nos. 1:18-cv-2422
     1:18-cv-2423

OPINION & ORDER
[Resolving Doc. 21]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, Infinity Capital LLC and John Paul Golino sue Francis David Corporation over a business relationship gone sour. Now, Residual Income Opportunities, Inc. ("RIO")—Plaintiffs' agent—wants in as well.

For the following reasons, the Court **DENIES** RIO's motion to intervene.

## I.   Background

Defendant Francis David Corporation processes credit card transactions for merchants.[1] Plaintiffs acted as a customer agent for Defendant and solicited merchants to use Defendant's services.[2] In turn, Plaintiffs delegated some of these solicitation responsibilities to agents of its own—RIO is one such agent.[3]

Thus, RIO would find suitable merchants for Defendant's processing services.[4] RIO would then refer the merchant customers to Plaintiff and Plaintiffs would refer the merchants to Defendant.[5] If the merchant used Defendant's services, Defendant would pay

---
[1] Doc. 1 ¶ 6.
[2] *Id.* ¶¶ 19–20.
[3] Doc. 21-1 at 2.
[4] *Id.* at 3.
[5] Doc. 1 at 19–20.

Case No. 1:18-cv-2422
Gwin, J.

a residual to Plaintiffs. In turn, Plaintiffs would pay a percentage of that residual to RIO.[6]
Because of its downstream position, if Defendant did not pay Plaintiffs, Plaintiffs would not pay RIO.[7]

Around August 2018, claiming breach of contract, Defendant stopped paying Plaintiffs.[8] Thus, Plaintiffs stopped paying RIO.[9] Because this suit concerns, *inter alia*, whether Defendant was permitted to stop the payments, RIO moves to intervene and seeks to add several new claims.[10]

## II. Discussion

The Federal Rules of Civil Procedure generally allow a person to intervene in ongoing litigation in two circumstances. First, the Court *must* allow a person to intervene if he has an interest in the litigation that would be impaired without his intervention (i.e., mandatory intervention).[11] Second, the Court *may* allow a person to intervene if he has a claim that shares a common question of law or fact with the litigation (i.e., permissive intervention).[12] RIO claims both, but is entitled to neither.

Either intervention type requires RIO to first demonstrate that its intervention is timely.[13] In considering timeliness, the Court evaluates five factors.[14] No one factor is dispositive, the Court considers them in their totality.[15]

First, the Court considers the case's progress.[16] Here, the case is nearly over. The

---

[6] *Id.*
[7] Doc. 21-1 at 3.
[8] Doc. 1 ¶¶ 93–94.
[9] Doc. 21-1 at 3.
[10] Doc. 21. Plaintiffs oppose. Doc. 23. RIO replies. Doc. 25.
[11] Fed. R. Civ. P. 24(a)(2).
[12] Fed. R. Civ. P. 24(b)(1).
[13] *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011).
[14] *Id.* at 284.
[15] *Id.*
[16] *Id.*

Court consolidated this case with another,[17] held a case management conference,[18] issued a scheduling order,[19] denied a temporary restraining order,[20] and denied a motion to dismiss.[21] Dispositive briefings and expert identifications are complete.[22] Discovery will be complete today.[23] Trial is less than a month away.[24] This factor weighs heavily against intervention.

Second, the Court considers the intervention's purpose.[25] Unfortunately, there is some confusion regarding this factor.[26] At times, the Sixth Circuit has considered whether the intervention is for a legitimate purpose.[27] Considered this way, the factor supports intervention. RIO has a legitimate purpose—reclaiming its lost residual payments.

At other times, however, the Sixth Circuit has asked instead "whether the motion to intervene was timely in light of the stated purpose for intervening."[28] Asked this way, the factor cuts against intervention. Given RIO's stated purpose, it should have intervened immediately after the case began—not on the eve of trial. Given the cross-cutting conclusions and the circuit confusion surrounding this factor, it is unclear which way it points.

Third, the Court considers when RIO knew, or should have known, its interests were at stake in this case.[29] However, RIO fails to allege anything on this front. Since it is

---

[17] Doc. 13.
[18] Doc. 14.
[19] Doc. 15.
[20] Doc. 17.
[21] Doc. 20.
[22] Doc. 15.
[23] *Id.*
[24] *Id.*
[25] *Blount-Hill*, 636 F.3d at 284.
[26] *Kirsch v. Dean*, 733 F. App'x 268, 274 (6th Cir. 2018) (recognizing confusion).
[27] *Id.* at 275–76.
[28] *Id.*
[29] *Blount-Hill*, 636 F.3d at 284.

RIO's burden to demonstrate that its application is timely, the Court will draw an adverse inference and presume that RIO learned of the suit at the time it was filed, nearly four months ago. Thus, the third factor weighs against intervention.

Fourth, the Court considers any prejudice to the original parties caused by RIO's delay in intervening. As discussed, this case is practically over. Further, RIO seeks to raise entirely new claims against both Plaintiffs and Defendant.[30] This would force the original parties to relive dispositive motions, case management conferences, and discovery. Not to mention, it would postpone adjudication of a relatively narrow legal question by months.[31] RIO's intervention would duplicate already-complete litigation and postpone imminent resolution; the fourth factor weighs against intervention.

Fifth, the Court considers any relevant extraordinary circumstances—the Court is unaware of any.[32]

In short RIO is late. For this reason alone, RIO is not entitled to mandatory or permissive intervention.[33]

Even if RIO's application were timely, the Court would still deny mandatory or permissive intervention. Mandatory intervention requires RIO to demonstrate that the current parties are inadequate representatives of its interests.[34] When one of the existing parties seeks the same ultimate relief as the intervenor, the Court presumes the existing representation is adequate.[35] Here, Plaintiffs and RIO seek the same goal—restoration of

---

[30] Doc. 21.
[31] RIO argues that, if allowed to intervene, it would "not seek to delay the trial." Doc. 25 at 1. But that presumes that the original parties in the case will not want to conduct discovery or file dispositive motions for RIO's new claims. Such supposition is specious.
[32] *Blount-Hill*, 636 F.3d at 284.
[33] *Id.*
[34] *Id.*
[35] *United States v. Michigan*, 424 F.3d 438, 443–44 (6th Cir. 2005).

Defendant's residual payments.  RIO has done nothing to rebut the presumption of adequacy.  As for permissive intervention, such intervention would prejudice the existing parties through duplication and delay.[36]

### III. Conclusion

For the foregoing reasons, the Court **DENIES** RIO's motion to intervene.

IT IS SO ORDERED.


Dated: January 29, 2019            *s/     James S. Gwin*
                                                                           JAMES S. GWIN
                                                                           UNITED STATES DISTRICT JUDGE

---

[36] *See* Fed. R. Civ. P. 24(b)(3) ("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.").