UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

INFINITY CAPITAL LLC, *et al.*,

        Plaintiffs,

vs.

FRANCIS DAVID CORPORATION,

        Defendant.

------------------------------------------------------

Case Nos. 1:18-cv-2422
              1:18-cv-2423

OPINION & ORDER

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

After a bench trial, the Court entered partial judgment for Plaintiffs Infinity Capital LLC and John Paul Golino (together, "Infinity Capital") in this contract dispute.[1] Infinity Capital moved for attorney's fees and costs. Infinity Capital says the underlying contract authorizes shifting these fees and costs.[2] The Court granted that motion and ordered Infinity Capital to produce evidence supporting the amount claimed.[3]

Infinity Capital now submits supporting documentation, claiming $229,536.15 in attorney's fees and costs.[4] For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' sought award.

## Discussion

Typically, parties must pay their own litigation costs.[5] However, under Ohio law,

---

[1] Doc. 59.
[2] Pl. Ex. 3 (Amended Agreement § 7.1) ("Should suit be brought to enforce or interpret any part of this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs.").
[3] Doc. 59.
[4] Doc. 60.
[5] *E.g., Allied Indus. Scrap, Inc. v. OmniSource Corp.*, 776 F.3d 452, 453 (6th Cir. 2015) (applying Ohio law).

parties may shift attorney's fees and costs through contract.[6]  Here, under their contract, the parties agreed to shift *reasonable* fees and costs.[7]

In determining whether sought attorney's fees are reasonable, the Court begins with the "lodestar"—the reasonable number of hours spent on the case multiplied by a reasonable hourly rate.[8]  The Court can adjust that rate based on the Ohio Rule of Professional Conduct 1.5(a) factors.[9]

Here, Infinity Capital seeks $211,391.50 in fees for three attorneys: Thomas Kovach, Hal Farling, and Shelia Corvino.[10]  Attorneys Kovach and Farling spent 404.75 hours litigating the case (for reasons that will be discussed, the Court considers attorney Corvino separately).[11]  Having reviewed the billing records, the Court concludes that this time was reasonable.

In terms of rate, both Kovach and Farling charged $350 per hour.[12]  The Court looks to *The Economics of Law Practice in Ohio in 2013* (as it has in the past) for help in determining a reasonable hourly rate.[13]  In 2013, attorneys of similar experience, geography, and expertise charged around $250 an hour.[14]  While Kovach and Farling's rate is high, the Rule 1.5(a) factors justify the upcharge.

---

[6] *Id.*

[7] Pl. Ex. 3 (Amended Agreement § 7.1).

[8] *See e.g., Bittner v. Tri-County Toyota, Inc.*, 569 N.E.2d 464, 466 (Ohio 1991).

[9] *Id.* at 467.  Such factors include: (i) the time, labor, and skill required, (ii) the novelty and difficulty of the case, (iii) whether the case precluded the attorney from accepting other work, (iv) fees customarily charged for similar work, (v), the amount involved and the results obtained, (vi) time limitations imposed, (vii) nature and length of the client-relationship, (viii) the experience, reputation, and ability of the lawyer, and (ix) whether the fee is fixed or contingent.

[10] Doc. 60 at 2.

[11] Doc. 60-1.

[12] *Id.*

[13] Although the study is somewhat dated, consistent reliance on an empirical study helps promote judicial consistency in fee determinations.  *See* Daniel Kahneman et al., *Noise: How to Overcome the High, Hidden Cost of Inconsistent Decision Making*, Harv. Bus. Rev. (Oct. 2016).

[14] The median 2013 hourly rate for attorneys with 26–35 years' experience or practicing business law was $250.  And the median 2013 hourly rate for attorneys in downtown Cleveland was $275.  Ohio State Bar Association, *The Economics of Law Practice in Ohio in 2013* at 39–40.

Case Nos. 1:18-cv-2422
Gwin, J.

Infinity Capital's attorneys obtained a nearly $5.5 million judgment.[15] This case involved a thorny and factually intensive contractual question on an expedited schedule.[16] Finally, the attorneys gave high quality performance in both their trial presentation and their briefing. Thus, the Court grants Kovach and Farling's sought fees.

Attorney Shelia Corvino's fees are a different story. Infinity Capital claims Corvino spent 192.9 hours on the case but, perplexingly, submitted only redacted billing records for Corvino.[17] More important, Corvino had no trial role, examined no witnesses, and seemingly authored none of the briefing. She was a trial witness. While she helped negotiate the parties' contract, she had minimal important participation in this lawsuit. The Court denies Infinity Capital's request for reimbursement of her fees.

Infinity Capital also seeks $18,148.29 in costs,[18] which the Court grants.

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' requested attorney's fees and costs. It thus **ORDERS** Defendant Francis David Corporation to pay Plaintiffs $141,662.50[19] in attorney's fees and $18,148.29 in costs.

IT IS SO ORDERED.

Dated: July 19, 2019
                                        *s/       James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[15] Doc. 59.
[16] Only four months passed between the complaint and the bench trial.
[17] Doc. 60-2.
[18] In fact, Plaintiffs seek $18,144.65, but the records support $18,148.29.
[19] Plaintiffs actually seek $141,684.50, but the records support $141,662.50.